UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALFREDO C. LABRADA,

Plaintiff,

v.

CLARK COUNTY DETENTION CENTER, et al.,

Defendants.

Case No. 2:19-cv-00050-RFB-GWF

ORDER

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On January 7, 2019, Plaintiff filed a complaint without paying a filing fee or submitting an application to proceed in forma pauperis. (ECF No. 1, 1-1). On January 11, 2019, this Court issued an order requiring Plaintiff to either pay the full filing fee or submit a complete application to proceed in forma pauperis, including the required financial attachments. (ECF No. 3 at 2). The Court specifically informed Plaintiff that a complete application to proceed in forma pauperis must include both a properly executed financial certificate and an inmate account statement for the last six months. (*Id.* at 1). On January 22, 2019, Plaintiff filed an application to proceed in forma pauperis without the required inmate account statement and with a financial certificate that was not signed by an authorized officer. (ECF No. 4). On February 12, 2019, the Court denied the application to proceed in forma pauperis without prejudice and ordered Plaintiff, within 30 days, to either pay the full filing fee or file a complete application to proceed in forma

pauperis, including the required financial documents. (ECF No. 5 at 2). The Court once again informed Plaintiff that, if he chose to file an application to proceed in forma pauperis, he was required to file a properly executed financial certificate and an inmate account statement for the last six months. (*Id.* at 1-2). The thirty-day period has expired, and Plaintiff once again has filed only an application to proceed in forma pauperis without the required inmate account statement and with a financial certificate that was not signed by an authorized officer. (ECF No. 6).

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

/ / /

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff to file a complete application to proceed *in forma pauperis* with the required financial attachments or pay the full filing fee within thirty days expressly stated: "if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 5 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Plaintiff's failure to file pay the full filing fee or file a complete application to proceed in forma paupers with the required financial documents in compliance with this Court's February 12, 2019 order.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment and close this case accordingly.

DATED this 3rd day of April, 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE